546

■

**Andrew DAY**

v.

**MASSACHUSETTS AIR NATIONAL GUARD, et al.**

**Civil Action No. 96–30126–MAP.**

United States District Court,
D. Massachusetts.

March 15, 1999.

Mark D. Mason, Cooley, Shrair P.C., Springfield, MA, Daniel E. Bruso, Cooley, Shrair P.C., Springfield, MA, for Andrew Day.

Cynthia J. Gagne, H. Gregory Williams, Attorney General's Office, Springfield, MA, for Massachusetts Air National Guard.

Karen L. Goodwin, United States Attorney's Office, Springfield, MA, for United States Department of the Air Force, Richard Duquette, United States of America.

John A. Odierna, Odierna & Beaumier, Springfield, MA, for James Towle.

*ORDER ON REMAND*

PONSOR, District Judge.

The Mandate of the Court of Appeals having now issued, this court hereby vacates its Judgment of May 15, 1998 to the following extent. The dismissal on the ground of the *Feres* doctrine of the state claims asserted by plaintiff against defendants James Towle, Duane Caton and John Does 1–8 is vacated. However, on remand, the court hereby exercises its discretion to decline supplemental jurisdiction over these purely state law claims and hereby dismisses them, on the authority of *United Mine Workers v. Gibbs,* 383 U.S. 715–726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), without prejudice to plaintiff's assertion of such claims in state court. See *Day v. Massachusetts Air National*

*Guard, et al.,* 167 F.3d 678, ——, C.A. 98–1727 (1st Cir.1999), slip op. at 21.

It is So Ordered.